IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TIMOTHY SUNKE,

                                                                                              OPINION AND ORDER

               Plaintiff,

                                                                                              17-cv-866-bbc

     v.

FOX LAKE CORRECTIONAL
INSTITUTION,DR. DAVID STONEFELD
and CANDICE WHITMAN RN,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Pro se plaintiff Timothy Sunke is proceeding on an Eighth Amendment claim that medical staff at the Fox Lake Correctional Institution discontinued the prescription medication he needs for treatment of his attention deficit hyperactivity disorder. Before the court is plaintiff's motion for leave to file an amended complaint to add additional defendants and "seek justice for additional violations under the Eighth Amendment." Dkt. ##14, 15. I am denying the motion.

       In his proposed amended complaint, plaintiff does not restate the allegations made in his original complaint against defendants Dr. David Stonefeld and Nurse Candice Whitman, and instead alleges that Dr. Mahlum, a dentist at the Fox Lake Correctional Institution, refused to treat his dental pain and that Randy Hepp, the warden of the

1

institution, did nothing when plaintiff complained about the lack of treatment. Although plaintiff says that two psychologists told him that his dental pain was most likely caused by his untreated attention deficit hyperactivity disorder, this is not enough to show that plaintiff's allegations about his dental care belong in the same lawsuit as his allegations that defendants Stonefeld and Whitman failed to treat his attention deficit hyperactivity disorder. Rule 20 of the Federal Rules of Civil Procedure prohibits a plaintiff from bringing unrelated claims against different defendants in the same lawsuit. Owens v. Godinez, 860 F.3d 434 (7th Cir. 2017) ("[D]istrict courts should not allow inmates to flout the rules for joining claims and defendants, see Fed. R. Civ. P. 18, 20, or to circumvent the Prison Litigation Reform Act's fee requirements by combining multiple lawsuits into a single complaint. Unrelated claims against different defendants belong in different suits.") (internal quotations omitted).

Plaintiff also alleges that Hepp supervises defendants Stonefield and Whitman, but an individual cannot be held liable for the constitutional violations of others simply because he had a supervisory role. Rather, a supervisor may be liable under 42 U.S.C. § 1983 only if he or she is "personally responsible for the deprivation of the constitutional right." Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001). Therefore, plaintiff will not be allowed to amend his complaint to add Mahlum and Hepp as defendants.

ORDER

IT IS ORDERED that plaintiff Timothy Sunke's motion for leave to file an amended

complaint, dkt. ##14, 15, is DENIED.

Entered this 10th day of April, 2018.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge